```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

GERALD LAHOSTE                                    CIVIL ACTION

VERSUS                                            NO. 11-861

UNIVERSITY OF NEW ORLEANS,                        SECTION"B"(4)
LOUISIANA STATE UNIVERSITY
BOARD OF SUPERVISORS
```

## ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("Board of Supervisors") (replacing improperly named Defendants University of New Orleans and Louisiana State University Board of Supervisors) (Rec. Doc. No. 8). For the following reasons, Defendant's Motion to Dismiss is **GRANTED**.

Plaintiff Gerald Lahoste is a tenured Associate Professor in the psychology department at the University of New Orleans. (Rec. Doc. No. 1, p. 2). Plaintiff was diagnosed before 2005 with bipolar depression (*Id.*, Rec. Doc. No. 23, p. 1), and that his mental illness was obvious to his colleagues and his students. (Rec. Doc. No. 23, p. 1). Lahoste alleges that several months prior to the Fall 2008 semester, his depression became critical and uncontrollable by medications; he notified the chair of the psychology department and took a medical leave of absence. (Rec. Doc. No. 1, p. 2-3). Lahoste returned to work in the Fall 2009 semester at a reduced salary and was assigned to teach classes that he had not previously taught and therefore required an extensive

amount of time in preparation. (Rec. Doc. No. 1, p. 4). Plaintiff alleges that after he requested accommodations under the Americans with Disabilities Act, defendant Board of Supervisors harassed him and refused to provide or discuss accommodations. (Rec. Doc. No. 1, p. 4-5). Fifteen months after his first request for accommodations, Lahoste filed an EEOC complaint (Rec. Doc. No. 1, p. 5).

On April 15, 2011, Plaintiff filed suit, alleging employment discrimination under the Americans with Disabilities Act, 42 U.S.C. 12101, *et seq.* and intentional infliction of emotional distress. (Rec. Doc. No. 1, p. 14-15).

Defendant Board of Supervisors moves to dismiss all claims on the grounds that (1) this Court has no subject matter jurisdiction over the claims because the Board of Supervisors is immune from suit in federal court under the Eleventh Amendment and that (2) Plaintiff failed to state a claim upon which relief can be granted because Plaintiff's action is barred by the statute of limitations, because Plaintiff has failed to demonstrate that he has a disability under the ADA, and because Plaintiff has failed to allege conduct sufficiently egregious to support his claim for intentional infliction of emotional distress.

Plaintiff Lahoste contends that the state is not immune from suit for violations of federal law, that the limitations period was tolled by the Board of Supervisors' continuous refusal to accommodate, that he pled sufficient facts to demonstrate that he

has a disability under the ADA, and that the Board of Supervisors' harassment and refusal to accommodate were sufficiently extreme to support his claim of intentional infliction of emotional distress.

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss a plaintiff's complaint for lack of subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). A party seeking to invoke jurisdiction has the burden of proving its existence, and thus, a plaintiff "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Furthermore, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Finally, "[s]overeign immunity implicates subject matter jurisdiction." *Chapa v. U.S. Dept. Of Justice*, 339 F.3d 388, 389 (5th Cir. 2003).

It is well settled that an unconsenting state is immune from suit in federal court under the Eleventh Amendment, which "bars suits in federal court by citizens of a state against their own state or a state agency or department." *Richardson v. Southern Univ.*, 118 F.3d 450, 452 (5th Cir. 1997); *see also Edelinan v.*

*Jordan*, 415 U.S. 651, 663 (1974); *Pennhurst State Sch. & Hosp. v. Haiderman*, 465 U.S. 89, 100 (1984). There are two exceptions to this rule: (1) Congress may abrogate a state's sovereign immunity or (2) a state may waive its immunity by consenting to suit. *Samaha v. Granier* Civ.A. 02-3708, 2003 WL 21277135 (E.D.La. 5/30/03).

Defendant Board of Supervisors is an arm of the state of Louisiana. *Boston v. Tanner*, 29 F.Supp.2d 743, 747 (W.D.La. 1998); *Otis v. LSU Med Ctr.*, Civ.A. 99-3975, 2001 WL 290166 (E.D.La. 3/22/01) *aff'd sub nom.* 275 F.3d 47 (5th Cir. 2001). Thus, "a suit against the Board [of Supervisors] is effectively a suit against the State of Louisiana." *Otis v. LSU Med. Crt.*, 2001 WL 290166 at *4 (E.D.La. 3/22/01), *quoting Marino v. Louisiana State Univ. Board of Supervisors*, Civ.A. 96-1689, 1997 WL 358141 (E.D.La. 6/25/97).

Louisiana has expressly refused to waive its Eleventh Amendment immunity from suit in federal court. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 67 (1989). Instead, Louisiana has expressly reserved its immunity in federal court, La.R.S. §13:5106(A), and the Board of Supervisors has not consented to federal jurisdiction over this suit. Furthermore, Congress has not abrogated state immunity under the ADA. *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 368 (2001). This Court thus lacks the power to adjudicate this case, and must dismiss Plaintiff's claims for lack of subject matter jurisdiction, without prejudice to Plaintiff's rights to pursue relief in the state court system

4

for any available remedies under state law. To the extent Plaintiff asserts state claims for infliction of emotional distress, we decline to exercise supplemental jurisdiction over such claims at this early stage in the proceedings.

Because the action against the Board of Supervisors must be dismissed for lack of subject matter jurisdiction, the Court need not address the Defendant's Rule 12(b)(6) arguments.

New Orleans, Louisiana, this 21st day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE